

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| RUBY M. JENKINS, ) | CIVIL ACTION NO. 9:16-1524- CMC-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| NANCY A. BERRYHILL[1], ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein she was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Civil Rule 73.02(B)(2)(a)(D.S.C.).

Plaintiff applied for Disability Insurance Benefits (DIB) on July 9, 2013 (protective filing date), alleging disability beginning June 1, 2011, due to back (discogenic and degenerative) problems, osteoarthritis, diabetes mellitus, and leg pain/numbness. (R.pp. 59, 71, 189) Plaintiff's claim was denied both initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), which was held on October 16, 2014. (R.pp. 25-49). The ALJ thereafter denied Plaintiff's claim in a decision issued November 21, 2014. (R.pp. 10-20). The

---

[1]On January 23, 2017, Berryhill became the Acting Commissioner of Social Security, replacing Carolyn Colvin. The Clerk is therefore directed to change the Defendant to Nancy A. Berryhill, Acting Commissioner of Social Security, on the docket.

Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 1-3).

Plaintiff then filed this action in United States District Court. Plaintiff asserts that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for further review, or for an outright award of benefits. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that Plaintiff was properly found not to be disabled.

## **Scope of review**

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)); see also Hepp v. Astrue, 511 F.3d 798, 806 (8th Cir. 2008)[Noting that the substantial evidence standard is even "less demanding than the preponderance of the evidence standard"].



The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a *de novo* judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

### Discussion

A review of the record shows that Plaintiff was sixty-two years old at the time of her alleged onset date, has a Bachelor of Science Degree in Business Administration, and past relevant work experience as a substitute teacher, secretary, and collection clerk.[2] (R.pp. 29, 31, 198-201). Plaintiff's last employment was with T-Mobile, which ended in January 2009 (2 ½ years before Plaintiff alleges she became disabled) when she was laid off. (R.pp. 31-32).

In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that she has an impairment or combination of impairments which prevent her from engaging in all substantial gainful activity for which she is qualified by her age, education, experience, and functional capacity, and which has lasted or could reasonably be expected to last for a continuous period of not less than twelve (12) months. After a review of the evidence and testimony in this case, the ALJ determined that, although Plaintiff does suffer from the "severe" impairments[3] of degenerative disc disease, obesity, plantar fasciitis left, bursitis of plantar calcaneus

---

[2]Plaintiff disputes the labeling by the ALJ of her former customer service work as a collection clerk. She contends that her past work was as a customer service representative. See discussion, infra.

[3]An impairment is "severe" if it significantly limits a claimant's physical or mental ability to do basic work activities. See 20 C.F.R. § 404.1521(a); Bowen v. Yuckert, 482 U.S. 137, 140–142
(continued...)



left, and peroneal tendonitis of the left foot (R.p. 12), she nevertheless retained the residual functional capacity ("RFC") for a range of sedentary[4] work, limited to lifting and carrying up to 10 pounds occasionally and lesser amounts frequently, sitting for 6 hours in an 8-hour day, and standing and/or walking at least 2 hours in an 8-hour day. Plaintiff can also only occasionally push or pull with the left lower extremity, and occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She can never climb ladders, ropes, or scaffolds; must avoid concentrated exposure to extreme cold, extreme heat, and vibration; and avoid even moderate exposure to hazards. (R.p. 14). After obtaining testimony from a vocational expert ("VE"), the ALJ found that Plaintiff was able to perform her past relevant work as a collection clerk with these limitations, and was therefore not disabled during the period at issue. (R.pp. 19-20, 45-46).

Plaintiff asserts that in reaching this decision, the ALJ erred because she failed to properly consider the administrative findings of fact by the state agency consultants as required by Social Security Ruling 96-6p, and failed to consider all of Plaintiff's impairments and their combined effect on her ability to sustain gainful employment. However, after a careful review and consideration of the evidence and arguments presented, the undersigned finds and concludes for the reasons set forth hereinbelow that there is substantial evidence to support the decision of the Commissioner, and that the decision should therefore be affirmed. Laws, 368 F.2d at 642

---

[3](...continued)
(1987).

[4]Sedentary work is defined as lifting no more than ten pounds at a time and occasionally lifting and carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a).

4



[Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion"].

## I.

Plaintiff initially asserts that pursuant to Social Security Regulation (SSR) 96-6p, 1996 WL 374180, the ALJ failed to properly consider the state agency consultants' classification of her past relevant work at T-Mobile as a customer representative/teller, DOT No. 211.462-034,[5] light exertional level. (R.pp. 57, 68-69). SSR 96-6p sets forth the agency's policy regarding an ALJ's consideration of state agency medical consultants' opinions regarding "the nature and severity of an individual's impairment." See SSR 96-6p, 1996 WL 374180 at * 1 (purpose, subparagraph 1). However, effective March 27, 2017 the Agency rescinded SSR 96-6p, and incorporated that policy (for purposes of the issue presented here) into 20 CFR § 404.1527(e). See also 20 CFR § 404.1513a. See HALLEX I-5-3-30 (SSA), 2017 WL 1352776, at * 2 (last updated Apr. 14, 2017); see also *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed.Reg. 5844 ("Rules"). These CFRs *do not* address a state agency medical consultant's statement regarding the classification of a claimant's past relevant work, however. That is not medical evidence. Even so, in her reply, Plaintiff argues that regardless of whether or not SSR 96-6p (or, now, these CFRs) apply to evidence other than medical evidence, the ALJ must explicitly indicate the weight given to relevant evidence, including (in this case) the alleged opinions of the state agency consultants with regard to the classification of Plaintiff's past work, citing Murphy v. Bowen, 810 F.2d 433 (4th Cir. 1987).

---

[5]The DOT is "a publication of the United States Department of Labor that contains descriptions of the requirements for thousands of jobs that exist in the national economy." Burns v. Barnhart, 312 F.3d 113, 119 (3d Cir. 2002). "[T]he DOT, in its job description, represents approximate *maximum* requirements for each position rather than the range." See Fenton v. Apfel, 149 F.3d 907, 911 (8th Cir. 1998).

5



However, the undersigned can find no reversible error in the ALJ's treatment of the evidence from the state agency medical consultants.

In <u>Murphy</u>, the Fourth Circuit remanded the case because the ALJ failed to articulate any justification for his "resolution of a clear conflict in the available *medical* evidence." <u>Murphy</u>, 810 F.2d at 434 (emphasis added). Here, however, Plaintiff points to no clear conflict in the medical evidence from the state agency medical consultants that the ALJ failed to resolve. To the contrary, the ALJ accepted the opinions of the state agency medical consultants, finding that they were generally consistent with the other evidence of record and accorded them "significant" weight. (R.p. 19). <u>See</u> <u>Smith v. Schweiker</u>, 795 F.2d 343, 345 (4th Cir. 1986) [opinion of a non-examining physician can constitute substantial evidence to support the decision of the Commissioner]. Moreover, it is readily apparent that the ALJ gave Plaintiff every benefit of the doubt by limiting her RFC to the more restrictive level of sedentary work activity based on her review of all of the medical record, even though the state agency medical consultants had opined that Plaintiff was capable of a higher level of light work activity.[6] (R.pp. 19, 55, 66-67). Plaintiff has shown no error in this finding. <u>Meyer v. Astrue</u>, 662 F.3d 700, 707 (4th Cir. 2011) ["Assessing the probative value of competing evidence is quintessentially the role of the fact finder"]; <u>see</u> <u>also</u> <u>Marquez v. Astrue</u>, No. 08-206, 2009 WL 3063106 at * 4 (C.D.Cal. Sept. 21, 2006)[Finding error where ALJ's RFC finding was even more restrictive than the exertional levels suggested by the State Agency examiner]; <u>cf</u>.

---

[6]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).



Muir v. Astrue, No. 07-727, 2009 WL 799459, at * 6 (M.D.Fla. Mar. 24, 2009)[No error where ALJ gave Plaintiff even a more restrictive RFC than the medical records provided].

Instead, Plaintiff's argument is not with the medical findings of the ALJ in accordance with the record, but with her finding that Plaintiff's past work at T-Mobile was as a collection clerk, instead of a customer representative (which was the job listed as being Plaintiff's past position in the state agency physician reports). See (R.pp. 57, 68). This difference would be significant, because the DOT defines the customer service representative/teller job as a light work job involving the exerting of 20 pounds of force occasionally and up to 10 pounds of force frequently; see DOT No. 211.462-034, 1991 WL 671846; while the ALJ limited Plaintiff to the performance of sedentary work. (R.p. 14). However, the description of Plaintiff's past work as being a customer representative in the state agency medical consultants' reports does not appear to be a finding *by those medical professionals* that that is what Plaintiff's past relevant work was. Rather, they were simply applying the RFC they determined Plaintiff had (for light work) to the job position that Plaintiff *had herself* listed in her DIB application as being the job she had performed. See (R.p. 198). The ALJ, however, was not bound by Plaintiff's statement. Rather, the ALJ's job was to examine the evidence provided in this case and make appropriate findings based on the substantial evidence presented. Cf. Thomas v. Celebreeze, 331 F.2d 541, 543 (4th Cir. 1964) [court scrutinizes the record as a whole to determine whether the conclusions reached are rational].

With regard to her former job at T-Mobile, Plaintiff herself stated that "no lifting or carrying was required." (R.p. 201). When asked the heaviest weight lifted, Plaintiff checked the least amount listed (Less than 10 lbs). (R.p. 201). When Plaintiff was asked the weight she frequently



7

lifted, she again checked the least amount listed (Less than 10 lbs). (R.p. 201). Plaintiff further indicated that she sat 8 hours a day, and when describing the job, Plaintiff stated:

> Perform collections on delinquent accounts using a computerized system for data entry containing customer billing info. Processed credit card and check payments, also handled issues concerning payments and arrangements.

(R.p. 201).[7]

Significantly, Plaintiff did not herself testify that any of the functions of her former job at T-Mobile involved her performing tasks above a sedentary level or at a light work exertional level. See 20 SSR 82-62, 1982 WL 31386, at * 3 [Claimant is the primary source for vocational history of past relevant work].

On October 15, 2013, Dr. Tom Brown[8] and Christian Gigis,[9] listed Plaintiff's past relevant work as a customer service representative [DOT No. 211.462-034], light strength, and opined that Plaintiff could perform this past work as it is normally performed in the national economy. (R.pp. 57-58). On November 21, 2013, Dr. James Upchurch and Winifred Hill[10] reached the same

---

[7]Consistent with this description, the DOT lists job functions for the collection clerk position to include: "notifies or locates customers with delinquent accounts and attempts to secure payment . . [contacts] customers to encourage payment of delinquent accounts . . . receive payments and post amount paid to customer account." See DOT No. 241.357-010, 1991 WL 672749.

[8]In addition to the resume for Mr. John Wilson, the Vocational Expert, who testified at trial, the record contains two resumes for vocational consultant J. Adger Brown, Jr., MA, CDMS. (R.pp. 95-99 [Brown], 118-120 [Brown], 142 [Wilson]). Mr. J. Adger Brown and Dr. Tom Brown are not the same individual, which is supported by Mr. J. Adger Brown's resumes which do not reflect that he is a medical doctor (while the record reflects that Tom Brown is a medical doctor). (R.pp. 95-99, 118-120).

[9]Dr. Brown is indicated to be a medical doctor, while Gigis' title is Disability Adjudicator/Examiner. (R.p. 58).

[10]Dr. Upchurch is indicated to be a medical doctor, while Hill's title is Disability
(continued...)

8



conclusions, and also found that Plaintiff could perform her past work as she had performed it in the past in addition to as it is normally performed in the national economy. (R.pp. 68-70). As both of these reports indicated that Plaintiff was not disabled, her application was denied on that basis at the initial and reconsideration levels. (R.pp. 58-60, 61-71). At the hearing, however, after listening to the testimony the VE categorized Plaintiff's past T-Mobile job as being a collection clerk, DOT No. 241.357-010, not a customer representative. (R.p. 45).[11]

The ALJ then posed a hypothetical to the VE for a claimant with the following limitations:

> Lift and/or carry ten pounds occasionally, less than ten pounds frequently; stand and/or walk at least two hours in an eight-hour workday; sit about six hours in an eight-hour workday; pushing and/or pulling left lower extremity limited to occasionally; never climbing ladders, ropes, scaffolds; occasionally climbing ramps, stairs, balancing, stooping, kneeling, crouching, crawling; avoid concentrated exposure to extreme cold, extreme heat, and vibration; avoid even moderate exposure to hazards. Based on this profile, would this hypothetical individual be able to perform Claimant's past work?

The VE responded that Plaintiff could perform her past work as a "collection clerk, T-Mobile, customer service" with these limitations. (R.p. 46). There was nothing improper or objectionable about this finding and testimony. See 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2)["A vocational expert . . . may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work."]; 68 Fed.Reg. 51153, 2003 WL 22001943 (Aug. 26, 2003)[comments to final rule]["VE testimony may be obtained at step 4 to

---

[10](...continued)
Adjudicator/Examiner. (R.p. 70).

[11]The VE also discussed Plaintiff's other past work as a lab technician and secretary. (R.p. 45). However, since the ALJ did not find that Plaintiff could perform those past jobs, those jobs are not at issue.



provide evidence to help us determine whether or not an individual can do his or her past relevant work."]. Notably, although Plaintiff's counsel then posed alternative hypotheticals, he did not challenge the VE's characterization of Plaintiff's previous job with T-Mobile as a collection clerk, or raise any issue with respect to the state agency consultants' characterization of Plaintiff's job as a customer representative/teller in their reports. (R.pp. 47-48).

The ALJ then concluded in her decision at step four that Plaintiff could perform her past work of collection clerk both as actually performed and as generally performed in the national economy. (R.p. 19). The ALJ further found that the VE's testimony supported this finding, and therefore concluded that Plaintiff was not disabled. (R.pp. 19-20). See Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980)[ALJ may rely on VE opinion based on training, experience and familiarity with skills necessary to function in various jobs]. Although Plaintiff's counsel argues, without any elaboration, that Plaintiff's description of her job was similar to a customer service/teller position, Plaintiff's own description of her job did not include any reference to using a cash register or adding machine, which are indicated as responsibilities included for the teller position. (R.p. 201); see also DOT No. 211.462-034, 1991 WL 671846.[12] Furthermore, as previously discussed, Plaintiff's own

---

[12]The DOT defines the customers service representatives/teller job as light work with the following description.

> Computes and collects payments from customers for utility services or appliances: Receives cash or check from customer or through mail. Totals items on bill, using adding machine. Records transactions on cash register and issues receipt and any change due customer. Balances totals received with totals on billing stubs. Explains charges on bill to customer and initiates action to adjust complaints. May collect customer's deposit for service connection. May specialize in handling delinquent bills or those presented for partial payment.

See DOT No. 211.426-034, 1991 WL 671846.

(continued...)



description of the exertion of force necessary in her former job was consistent with a sedentary work classification, rather than the light work classification for a customer service representative/teller position.

In sum, the VE's classification of Plaintiff's former work as a collection clerk is consistent with Plaintiff's own description of her former job, as the DOT defines the collection clerk position as sedentary work involving the exerting of 10 pounds of force occasionally, exerting a negligible amount of force frequently, and sitting most of the time. See DOT No. 241.357-010, 1991 WL 672249. As noted, Plaintiff stated that in her job "no lifting or carrying was required", checked the least amount listed when asked the heaviest weight lifted (which was less than 10 lbs), and indicated that she sat for 8 hours a day. (R.p. 201). The DOT description of collection clerk and Plaintiff's description of her job also both refer to using a computerized system, performing collections on delinquent accounts, posting payments, and handling certain issues regarding payments. (R.p. 201); see also DOT No. 241.357-010, 1991 WL 672249. Moreover, this finding is further supported by Plaintiff's counsel not making any objection to the VE's classification of Plaintiff's work at T-Mobile as a collection clerk, not asking the VE any questions regarding his classification of Plaintiff's T-Mobile job as DOT 241.357-010, and not raising any issue as to the state agency consultants' characterization of Plaintiff's past work. (R.pp. 45, 47-48). See Medel v. Colvin, No. 13-2052, 2014 WL 6065898 at * (C.D.Cal. Nov. 13, 2014)[Finding that "the ALJ's reliance on the VE's testimony was reasonable, especially in light of Plaintiff's failure at the hearing to object to the VE's categorization of his past work, question the VE about her opinion regarding

---



Plaintiff's past relevant work, or even point out the contradictory state-agency decision guide."](citing Solorzano v. Astrue, No. 11-369, 2012 WL 84527 at * 6 (C.D.Cal. Jan. 10, 2012))[at administrative hearing, counsel has "obligation to take an active role and to raise issues that may impact the ALJ's decision while the hearing is proceeding so that they can be addressed."]). Therefore, the ALJ reasonably relied on the testimony of the VE - rather than the classification listed in the state agency medical professionals reports - to find Plaintiff's past relevant work was that of a collection clerk.

Finally, even assuming arguendo that the ALJ erred in failing to specifically refer to the classification of Plaintiff's past work as set forth in the state medical consultants' reports (which the undersigned does not find), any such error would be harmless under the facts of this case, as

> [a]n ALJ's error is harmless where the ALJ would have reached the same conclusion notwithstanding the initial error. Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Bradley v. Colvin, 2015 WL 5725832, at *4 (S.D.W. Va. Sept. 30, 2015) (quoting Shinseki v. Sanders, 556 U.S. 396, 409, 129 S.Ct. 1696, 173 L.Ed.2d 532 (2009)).

Woodbury v. Colvin, No. 15-2635-DCN, 2016 WL 5539525, at *7 (D.S.C. Sept. 30, 2016)[Finding harmless error where ALJ failed to discuss Plaintiff's GAF scores because it was unclear how an explicit discussion of the GAF scores could have changed the outcome]. Because the ALJ supported her findings with the VE's testimony, which was consistent with the Plaintiff's testimony, and provided reasons for finding that Plaintiff's past work was more properly classified as the sedentary position of collection clerk, it is unclear how a discussion of the state medical consultants' listing of her former job as a customer service position could or would have changed the outcome of this case. Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994)[finding any error by an ALJ to be harmless when the ALJ would have reached the same result notwithstanding an error in his analysis].



Therefore, the ALJ's failure to specifically reference this alternative classification, even if error, was harmless under the facts of this case. Senne v. Apfel, 198 F.3d 1065, 1067 (8th Cir. 1999) ["a deficiency in opinion-writing is not a sufficient reason for setting aside an administrative finding where the deficiency had no practical effect on the outcome of the case."]; Fischer–Ross v. Barnhart, 431 F.3d 729, 733 (10th Cir. 2005); Davis v. Astrue, No. 07–231, 2008 WL 540899, at *3 (D.S.C. Feb. 22, 2008) [recognizing harmless error analysis]; Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1999)["No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result"].

**II.**

Plaintiff also argues that the ALJ erred by failing to properly consider the combined effects of all of her impairments in reaching her decision. See Walker v. Bowen, 889 F.2d 47 (4th Cir. 1989)[Holding that disability may result from a number of impairments which, taken separately, might not be disabling, but whose combined effect, taken together, is sufficient to render a claimant unable to engage in substantial activity]. However, a review of the record and the decision does not support this claim.

The ALJ found that Plaintiff had the following severe impairments: degenerative disc disease; obesity; plantar faciitis left; bursitis of plantar calcancus left; and peroneal tendonitis of the left foot. (R.p. 12). The ALJ also found that Plaintiff had the following non-severe impairments: chronic obstructive pulmonary disease; diabetes mellitus; hypertension; hypercholesterolemia; active rheumatic fever; and osteopenia. (R.pp. 12-13). Plaintiff contends, however, that she also was diagnosed with and treated for neuropathy (R.pp. 327, 330, 333, 340, 351, 358, 362) and left



ventricular hypertrophy (R.pp. 306, 311, 317, 322, 333), and that the ALJ erred by not considering her neuropathy and left ventricular hypertrophy in reaching her decision. In her reply memorandum, Plaintiff also argues that the ALJ's general and undefined use of the term "degenerative disc disease" minimizes the limitations caused by her multiple back impairments. See Plaintiff's Reply, p. 3. Therefore, Plaintiff asserts that the ALJ failed to consider the combined effect of her many severe and non-severe impairments. However, a review of the decision shows that the ALJ properly considered the combined effect of Plaintiff's severe and non-severe impairments in reaching her decision at each step of the sequential evaluation process.

At step two, the ALJ discussed all of Plaintiff's severe and nonsevere impairments (R.pp. 12-14), and at step three she specifically stated that she had considered Plaintiff's impairments both singly and in combination and found that Plaintiff did not have an impairment or *combination* of impairments that met or medically equaled a listed impairment (R.p. 14). See Flaherty v. Astrue, 515 F.3d 1067, 1071 (10th Cir. 2007)[ALJ should be taken at his word when he states that he considered all of the claimant's impairments in combination]. The ALJ also noted that she had carefully considered all of Plaintiff's symptoms, and referred to her discussion of all of Plaintiff's severe and non-severe impairments in her RFC analysis. (R.pp. 12-14). See Wright v. Astrue, No. 2:10-2449-DCN-BHH, 2011 WL 5403104, at *7-8 (D.S.C. Oct. 18, 2011)[affirming ALJ's decision where he stated he considered the claimant's combination of impairments and discussed each impairment at some point in the decision, and where he did not offer any reason to conclude that further consideration would have produced a different result], adopted, 2011 WL 5403070 (D.S.C. Nov. 8, 2011); Miller v. Astrue, No. 08-62, 2009 WL 2762350 at * * 13-14 (E.D.Mo. Aug. 28, 2009)["Where an ALJ separately discusses the claimant's impairments and complaints of pain, as



well as her level of activity, it cannot be reasonably said that the ALJ failed to consider the claimant's impairments in combination"]; Hewitt v. Colvin, No. 14-3790, 2015 WL 9216653, at * 2 (D.S.C. Dec. 17, 2015).[13] Finally, the ALJ discussed Plaintiff's impairments and the limitations imposed by the combination of her impairments as found in the decision in her hypothetical question to the VE. (R.pp. 46-47).

With respect to Plaintiff's specific complaint that the ALJ failed to consider her peripheral neuropathy, a review of the decision reveals that the ALJ *did* consider this issue. As part of her discussion of the medical evidence, she specifically noted that a June 2012 EMG of Plaintiff's left lower extremity revealed a normal nerve conduction study with no evidence of peripheral neuropathy. (R.p. 15). The ALJ then also cited (twice) a July 2014 EMG and nerve conduction study which again showed no evidence of peripheral neuropathy. (R.pp. 15-16, 18). As for Plaintiff's complaint that the ALJ made no specific reference to Plaintiff having left ventricular hypertrophy, a review of the records cited by the Plaintiff fails to reveal any serious condition with respect to this diagnosis, as every one of these records reflect that Plaintiff's cardiac examinations showed her to have "normal heart sounds and physiologic rhythm and no murmurs". Moreover, although these records do list left ventricular hypertrophy as being among Plaintiff's many diagnoses, they also all note this condition as being "stable". See (R.pp. 306, 309, 311, 316-317, 320, 322, 332-333). There is no indication in any of these records that this condition caused Plaintiff any problems, and therefore the ALJ's failure to specifically reference this condition in her decision does not constitute reversible

---

[13] It is worth noting that the ALJ stated that she had considered all of Plaintiff's impairments, both severe and non-severe, and including in combination, at least 20 times during the course of her decision. Flaherty, 515 F.3d at 1071 [ALJ should be taken at his word when he states that he considered all of the claimant's impairments in combination].



error. See Dryer v. Barnhart, 395 F.3d 1206, 1211( 11th Cir. 2005) [ALJ not required to specifically refer to every piece of evidence in the decision]; Trenary v. Bowen, 898 F.2d 1361, 1364 (8th Cir. 1990) [Courts should properly focus not on a claimant's diagnosis, but on the claimant's actual functional limitations].

Hence, it is clear from a plain reading of the decision as a whole that the ALJ considered the combined effects of Plaintiff's impairments; cf. Green v. Chater, 64 F.3d 657, 1995 WL 478032, at *3 (4th Cir. Aug. 14, 1995); and Plaintiff has failed to establish any error in the ALJ's review and consideration of the effects of her medical problems on her ability to work, including the effect of the combination of those impairments. Martise v. Astrue, No 08-1380, 2010 WL 889826 at * 23 (E.D. Mo. Mar. 8, 2010)[ALJ sufficiently considered Plaintiff's impairments in combination by summarizing Plaintiff's medical records and separately discussing each of Plaintiff's alleged impairments] (citing Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994)[conclusory statement that ALJ did not consider combined effects of impairments was unfounded where ALJ noted each impairment and found that impairments, alone or combined, were not of listing-level severity]; see also Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1992)[Finding that separate discussion of all of a plaintiff's impairments with the conclusion that these impairments did not prevent the plaintiff from performing her past relevant work was sufficient to establish that the ALJ did not consider Plaintiff's impairments were disabling in combination, and that to "require a more elaborate articulation of the ALJ's thought processes would not be reasonable"]; Waxvik v. Apfel, No. 99-152, 2001 WL 1820373, at * 4 (D.N.D. Mar. 12, 2001); Isaacs v. Shalala, No. 92-4101, 1994 WL 247276, at * 5 (N.D. Iowa Mar. 11, 1994) Wilfong v. Shalala, No. 93-472, 1994 WL 780186, at * 4 (D.Minn. Oct. 18, 1994); see also Williams v. Colvin, No. 11-2344, 2013 WL 877128, at *3 (D.S.C. Mar. 8, 2013).



This argument is therefore without merit. Simmons v. Astrue, No. 11-2729, 2013 WL 530471, at * 5, n. 7 (D.S.C. Feb. 11, 2013)["When considering whether the ALJ properly considered the combined effects of impairments, the decision must be read as a whole"]; Glockner v. Astrue, No. 11-955, 2012 WL 4092618, at * 4 (D.S.C. Sept. 17, 2012).

**Conclusion**

Substantial evidence is defined as "... evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir.1984). As previously noted, if the record contains substantial evidence to support the decision (i.e., if there is sufficient evidence to justify a refusal to direct a verdict were the case before a jury), this Court is required to uphold the decision, even should the Court disagree with the decision. Blalock, 483 F.2d at 775.

Under this standard, the record contains substantial evidence to support the conclusion of the Commissioner that the Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period. Therefore, it is recommended that the decision of the Commissioner be affirmed.

The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

May 25, 2017
Charleston, South Carolina



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

