IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Ruby M. Jenkins,<br><br>                Plaintiff,<br>vs.<br><br>Nancy A. Berryhill,<br>Acting Commissioner of Social Security Administration,<br>                Defendant. | Civil Action No. 9:16-cv-1524-CMC<br><br>**OPINION AND ORDER** |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(b)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Report, filed May 25, 2017, recommends the decision of the Commissioner be affirmed. ECF No. 17. On June 7, 2017, Plaintiff filed objections to the Report. ECF No.19. On June 15, 2017, the Commissioner filed a response to Plaintiff's objections. ECF No. 20. For the reasons stated below, the court adopts the Report and affirms the decision of the Commissioner.

**Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[1] 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to

---

[1] "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).

2

give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson*, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

## Background

Plaintiff applied for DIB on July 9, 2013, alleging disability as of June 1, 2011 due to the following severe impairments: back problems (discogenic and degenerative), obesity, plantar fasciitis, bursitis of plantar calcaneus, and peroneal tendonitis. R. at 12. Plaintiff also has chronic obstructive pulmonary disease, diabetes mellitus, hypertension, hypercholesterolemia, active rheumatic fever, osteoarthritis and osteopenia. R. at 13. Plaintiff's application was denied initially and upon reconsideration. On October 6, 2014, a hearing was held before an Administrative Law Judge ("ALJ"). On November 21, 2014, the ALJ issued a decision, finding Plaintiff was not disabled within the meaning of the Act and had the ability to perform sedentary work, including her past relevant work as a collections clerk within the limitations imposed by the ALJ. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the determination of the ALJ the final decision of the Commissioner. Plaintiff filed this action May 11, 2016. ECF No. 1.

**Discussion**

The Magistrate Judge recommends the court affirm the Commissioner's decision because it is supported by substantial evidence and the proper legal standards were applied. Plaintiff objects to the Report, arguing the ALJ limited her to sedentary work in her residual function capacity ("RFC") and her previous work at T-Mobile as a customer service representative was considered "light" work, as opposed to being categorized as a collections clerk, which is sedentary. ECF No. 19. Therefore, Plaintiff argues, she cannot perform her past relevant work and the ALJ should have gone on to consider step 5 in the disability evaluation. Plaintiff also disagrees the ALJ "properly considered and explained the combined effect of all Plaintiff's impairments, both severe and non-severe." *Id.* at 3.

   *1) Classification of Past Work*

Plaintiff argues, both in her previous submissions and her objections, the ALJ erred in defining her past work at T-Mobile as a collections clerk instead of a customer service representative/teller position. A collections clerk position is categorized by the DOT as sedentary, while a customer service representative/teller position is categorized as light work. As the ALJ limited her to sedentary work, Plaintiff argues, she cannot perform her past work as a customer service representative. In addition, Plaintiff contends the ALJ did not discuss the two agency vocational assessments or Plaintiff's testimony classifying her T-Mobile position as a customer service representative/teller.

The court agrees with the Magistrate Judge's detailed findings regarding Plaintiff's past work and her argument regarding its classification. While previous vocational assessments may

4

have listed Plaintiff's position as a customer service representative/teller, they reached the same conclusion the ALJ reached: Plaintiff is able to perform her past work. R. at 57, 69. The ALJ gave Plaintiff the benefit of the doubt regarding her pain and symptoms by classifying both the previous work and Plaintiff's RFC as sedentary instead of light, based on the testimony of the Vocational Expert and the record as a whole. R. at 20. For the reasons above and as set forth by the Magistrate Judge, the court finds no error in categorizing Plaintiff's past work at T-Mobile as a collections clerk or in finding Plaintiff able to perform her past work.

The court further agrees with the Magistrate Judge even if the ALJ erred, any error was harmless. *Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (holding an ALJ's error harmless where the ALJ "would have reached the same conclusion notwithstanding the initial error"). *Bishop v. Commissioner of Social Sec.*, 583 F. App'x 65, 67 (4th Cir. 2014) ("[I]f the decision is overwhelmingly supported by the record though the agency's original opinion failed to marshal that support, then remanding is a waste of time."). Therefore, the decision of the ALJ was supported by substantial evidence and will not be overturned by this court. This objection is overruled.

### 2) *Combined Effect of All Impairments*

Plaintiff also objects to the Magistrate Judge's conclusion the ALJ did not err by failing to properly consider the combined effects of all Plaintiff's impairments in reaching her decision. Specifically, Plaintiff argues in her objections the ALJ did not properly consider the combined effect of her severe impairments, and she would be unable to sustain gainful employment because "the pain from each of her multiple physical impairments when combined together would cause

her to frequently miss work or be required to take multiple unscheduled breaks." ECF No. 19 at 3. However, the ALJ specifically noted she "considered the cumulative effects of the claimant's impairments on the claimant's ability to work" and Plaintiff "fail[ed] to demonstrate her ability to perform the residual functional capacity below has been compromised by the combination of her impairments." R. at 13-14. Therefore, this objection is overruled.

## Conclusion

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
June 29, 2017